[Cite as *White v. Ohio Dept. of Transp.*, 2015-Ohio-4850.]
**IN THE COURT OF CLAIMS OF OHIO**


MICHAEL WHITE

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

Case No. 2014-00875-AD

Clerk Mark H. Reed

MEMORANDUM DECISION


{¶1} On November 4, 2014, Michael White filed a complaint in this Court against the Ohio Department of Transportation (hereinafter "ODOT"). In his complaint, plaintiff White alleged that on August 22, 2014 his 2004 Pontiac Grand Prix was damaged when he entered onto a temporary driveway leading to his property located at 4201 Lake Road East in Geneva, Ashtabula County, Ohio. This driveway was constructed by the Mark Haynes Construction Company, who was under contract with ODOT to improve that part of SR 531 that fronted plaintiff's property. Plaintiff White alleges that as he turned onto the driveway from SR 531, his vehicle dropped down unexpectedly causing his lower bumper to scrape and crack. The plaintiff claims this damage was the result of the contractor's failure to properly grade and smooth the temporary driveway. The cost to repair plaintiff's vehicle was $1,100.00. No information regarding plaintiff's insurance was provided to the Court.

{¶2} In an Investigation Report filed with the Court on February 20, 2015, ODOT did not deny the fact that plaintiff's vehicle was damaged while driving onto his driveway, nor did the Department dispute the amount of damages.

{¶3} According to the Investigation Report, this project, which involved improving this section of SR 531 in Geneva and Saybrook Township, was under construction by

the Mark Haynes Construction Company. The Department related that ODOT had not received any complaints from the plaintiff or anyone else concerning the temporary driveway within the construction zone, during the six (6) months prior to plaintiff's accident. In construction cases like this one, the court may only pass judgment on whether the plaintiff has shown that ODOT breached its duty to the public in managing the contractor in a reasonable manner thus ensuring the safety of the public within the construction zone.

{¶4} As the Court considers whether ODOT breached its duty to the public, the Court must take into account that the area where the accident occurred was a construction zone. Ohio law is clear that ODOT cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d346, 354; *Roadway Express, Inc.* The test is whether, under the totality of the circumstances, "ODOT acted sufficiently to render the highway reasonably safe for the traveling public during the construction project." *Basilone v. Ohio Dept. of Transp.* (Feb. 13, 2001), Franklin App. No. 00AP-811, citing *Feichtner*, and *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1988), 49 Ohio App.3d. 129.

{¶5} In this case, there is nothing in the record that would allow the Court to find that the department did not act appropriately to keep the construction area reasonably safe. The construction of the temporary driveway was not an unreasonable solution to provide access to plaintiff's property during the time that the road construction was ongoing. A close read of defendant's Exhibit D leads the Court to conclude that there is no sustainable evidence of neglect on the part of ODOT. The plaintiff did not offer any evidence to counter what was in ODOT's investigation report regarding this element. However, Mark Haynes Construction, Inc. is an independent contractor and that entity

would be responsible for any negligent actions of its employees.

**{¶6}** Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

## IN THE COURT OF CLAIMS OF OHIO

MICHAEL WHITE

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2014-00875-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
MARK H. REED
Clerk

Entry cc:

Michael White            Jerry Wray, Director

4201 Lake Road East
Geneva, Ohio  44041

Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 4/16/15
Sent to S.C. Reporter 11/24/15